UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

GLEN CARWELL,
SHAWNDALE LEWIS,
COREY BATCHELOR, and
JORDAN TOWNSEND,

Defendants.

**PROTECTIVE ORDER**

S3 20 Cr. 293 (LJL)

Upon the application of the United States of America, by Assistant United States Attorney Jacob R. Fiddelman, of counsel, and with the consent of the defendants, through counsel, for an order limiting the dissemination of certain discovery materials produced in connection with the above-captioned case, which contains sensitive information of various types, it is hereby ORDERED that:

1. **Disclosure Material**. The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases (the "Disclosure Material"). Disclosure Material will include material that (i) affects the privacy, safety, and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel (collectively, "the defense") other than as set forth herein, and

shall be used by the defense solely for the purpose of defending this criminal action. The defense shall not post any disclosure material on any internet site or network site to which persons other than the parties hereto have access and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

3. **Sensitive Disclosure Material – Attorneys' Possession Only.** Certain parts of the Disclosure Material are expected to contain information that identifies, or could lead to the identification of, victims or witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein; or information regarding certain undercover law enforcement personnel engaged in ongoing operations (collectively, "Sensitive Disclosure Material"). Any such material will be stamped or otherwise clearly marked "SENSITIVE" or "APO" by the Government. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

4. Sensitive Disclosure Material must be maintained solely in the possession of defense counsel and personnel for whom defense counsel is directly responsible (*i.e.*, employed by or retained by counsel, such as investigators and office staff). Sensitive Disclosure Material may be reviewed by the defendants only in the presence of counsel, and the defendants may not retain or possess Sensitive Disclosure Material.

5. **Attorneys' Eyes Only Material.** In order to balance the interest of timely production to defense counsel with the interest of protection of witness safety and privacy, certain sensitive disclosure material may be produced on an "Attorneys' Eyes Only" basis ("AEO Material"). Any documents or portions of documents designated AEO Material must be maintained in the possession of counsel and may be reviewed and discussed only by counsel to the parties in this matter, anyone working under the direction of counsel (such as investigators or office

staff), or the Court. Upon production of AEO Material, the Government will identify the date, if applicable, that such designation will be lifted such that the material reverts to Sensitive Disclosure Material, *i.e.*, when if at all it may be shared with the defendant. The Government's designation of material as AEO Material will be controlling absent contrary order of the Court.

6. Any party wishing to file Sensitive Disclosure Material or AEO Material with the Court for any reason shall, after consultation with the opposing party, seek authorization from the Court to file any such material under seal. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. The defense may disseminate Disclosure Material that is not Sensitive Disclosure Material or AEO Material only to the defendants, defense counsel, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel, independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action, and other prospective witnesses or those covered by a joint-defense or common-interest privilege with the defense and their counsel, to the extent deemed necessary by defense counsel, for the purpose of defending this criminal action, and such other persons as hereafter may be authorized by the Court upon motion by a defendant.

8. The defense must destroy or return any Disclosure Material at the conclusion of the trial of this matter or when any appeal has terminated and the judgment has become final, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

9. Notwithstanding anything to the contrary above, the defense may not share any Disclosure Material with any defendant who has not yet been apprehended in this action or any such defendant's counsel.

10. The Government may authorize, in writing, disclosure of any Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date:    10/31/22
Jacob R. Fiddelman
Assistant United States Attorney

_____     Date:  11-10-22
John Buza, Esq.
Counsel for Glen Carwell

_____     Date:  11/9/2022
Rita Glavin, Esq.
Counsel for Shawndale Lewis

SO ORDERED.

Dated: New York, New York
       November 14, 2022

_____
HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

4